UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENRY DES LONGCHAMPS,

Plaintiff,

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE CO.,

Defendant.

Civil Action No. 13-1704 (JDB)

## MEMORANDUM OPINION & ORDER

This case concerns an insurance coverage dispute based on damage sustained to plaintiff Henry des Longchamps's property in Washington, D.C. in 2012. Before the Court is [6] des Longchamps's "motion for appointment of an umpire" and [12] defendant Allstate Property & Casualty Insurance Company's ("Allstate") motion to amend its answer. Upon consideration of the various memoranda filed by the parties, and the entire record herein, and for the reasons explained below, the Court will deny des Longchamps's motion for an order to appoint an umpire and will grant Allstate's motion to amend its answer.

## BACKGROUND[1]

In 2012, des Longchamps's property in D.C. suffered damage in a storm. That property was covered by an insurance policy issued by Allstate, so des Longchamps made a claim under the policy. As is often the case, the parties disputed the amount of damage and how much it would cost to repair the damage. Fortunately, the policy contains a provision with a process

---

[1] The Court draws these facts from the allegations in des Longchamps's complaint that Allstate does not dispute.

1

laying out what happens if such a dispute arises.[2] Unfortunately, the parties have not been able to resolve their dispute by using that process.

The parties agree on the basics of the dispute resolution process, which are as follows: the parties each select a neutral appraiser. If those appraisers cannot agree, the appraisers together select an umpire. If any two (both appraisers or one appraiser and the umpire) agree on an estimate, that estimate governs. Here, the parties selected appraisers. Those appraisers could not agree on an estimate. The parties dispute whether the appraisers were able to agree on an umpire, but they do not dispute that even if the appraisers previously agreed on an umpire, they no longer do. Des Longchamps then filed suit in D.C. Superior Court, and after answering the complaint, Allstate removed the case to this Court.

Des Longchamps avers either that the appraisers did not agree on an umpire or that the agreed-upon umpire withdrew. In either event, des Longchamps maintains, the policy provides that a court will then select an umpire.

Allstate avers that the appraisers initially agreed on an umpire and that the agreed-upon umpire withdrew. Allstate maintains that because the first umpire withdrew, under the policy, des Longchamps is not entitled to the selection of another umpire, meaning that the dispute would presumably have to be resolved in some other fashion.

The only relief des Longchamps requested in his complaint is the selection by this Court of an umpire; he contends that under the policy, he is entitled to that selection. He then filed a "motion for appointment of an umpire"—the exact same relief he requested in his complaint. After briefing des Longchamps's motion, the parties asked that the Court hold off on ruling to give them some time to negotiate a resolution. Those negotiations failed, and the parties now want to resume active litigation. Accordingly, Allstate filed a motion for leave to amend its

---

[2] The policy, however, is not in the record.

answer. Des Longchamps has not responded to that motion, and the deadline to do so has now passed.

## DISCUSSION

### I. DES LONGCHAMPS'S MOTION FOR APPOINTMENT OF AN UMPIRE

As Allstate points out, des Longchamps's "motion for appointment of an umpire" requests the same relief as des Longchamps's complaint.[3] His complaint—though not styled as such—effectively requests a declaratory judgment that he is entitled, under the policy, to have this Court select an umpire. The Court therefore construes des Longchamps's motion as a motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings: if the Court were to grant the motion, des Longchamps would receive all the relief he seeks, and nothing would be left of the case, so he is requesting judgment as a matter of law.[4]

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Id.[5] Under Rule 12(c), a motion for judgment on the pleadings will be granted if the moving party demonstrates that "no material fact is in dispute and that it is entitled to judgment as a matter of law." Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992) (internal quotation omitted). Courts must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id. (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (D.C. Cir. 1992); 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368, at 518-19 (2d ed. 1990)).

---

[3] The only difference is that in des Longchamps's motion, he no longer requests that the Court pick between two umpires he names; instead, he wants one of them and not the other.

[4] Allstate argues that, in the alternative, the Court should construe des Longchamps's motion as a motion for summary judgment. See Rule 12(d). But because the Court determines, without considering any material other than the pleadings, that des Longchamps has not shown that he entitled to judgment as a matter of law, it need not convert the motion into a motion under Rule 56. Id.

[5] The Court assumes without deciding that the motion is timely.

Allstate is the nonmoving party here, making review different from the resolution of a similar dispositive motion, a 12(b)(6) motion to dismiss. Instead, this is more like a motion for summary judgment by des Longchamps: the Court must determine whether, viewing the facts in the light most favorable to Allstate, Allstate has raised any genuine issue of material fact and whether, if it has not, des Longchamps is entitled to judgment as a matter of law. See Thompson v. District of Columbia, 530 F.3d 914, 915-16 (D.C. Cir. 2008) (reviewing district court's grant of 12(c) motion and accepting as true nonmoving party's allegations). Put differently, the Court does not assume for the sake of determining the motion that des Longchamps's allegations are true.

Allstate, in its answer, denied several of des Longchamps's allegations—thus raising factual disputes—and raised several affirmative defenses. See Def.'s Answer [ECF No. 4-1] 2-3. Des Longchamps counters that any factual disputes are not material. See Pl.'s Reply to Def.'s Opp'n [ECF No. 8] 1-2. The Court disagrees. This case is essentially a contract dispute. Des Longchamps explains his circumstances and asserts that a contract—his insurance policy—entitles him to relief in those circumstances. The relief he wants is the appointment of an umpire. Allstate responded in its answer by denying that the contract entitles him to the appointment of an umpire in these circumstances. Neither party has presented this Court with the contract. With one party arguing that a contract entitles him to some relief, and the other arguing that it does no such thing, and with no idea what the contract actually provides, the Court cannot grant judgment on the pleadings. At least one material fact—whether the contract entitles des Longchamps to the appointment of an umpire in these circumstances—is in genuine dispute.[6] Hence, his motion for judgment on the pleadings will be denied.

---

[6] The Court will consider the dispute genuine at least until it reviews the applicable contract language.

## II. ALLSTATE'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Allstate wants to amend its answer to include a counterclaim. Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, which "[t]he court should freely give . . . when justice so requires." Id. Without a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.," the leave should be given.[7] Foman v. Davis, 371 U.S. 178, 182 (1962) (citation omitted).

Des Longchamps has conceded the motion.[8] And even if he had not, no reason appears why the Court should not grant the motion. Allstate filed for leave to amend the day after it filed a status report indicating that settlement talks had broken down and that the parties wanted to resume active litigation. The Court has not yet held an initial scheduling conference, and no discovery has taken place. As Allstate notes, its counterclaim does not inject new issues or transactions into the case; rather, Allstate effectively requests a declaratory judgment to the opposite effect of that requested by des Longchamps. In other words, Allstate asks the Court to say that des Longchamps is <u>not</u> entitled to the appointment of an umpire.[9] Allstate did not engage in undue delay or bad faith, and des Longchamps would suffer no prejudice if amendment were permitted; moreover, nothing indicates amendment would be futile. Hence, because the Court

---

[7] That defendant seeks to amend its answer, not its complaint, is of no moment: the same standard applies. See Fed. R. Civ. P. 13, Advisory Committee Notes, 2009 Amendment ("An amendment to add a counterclaim will be governed by Rule 15").

[8] Allstate filed and served its motion for leave to file an amended answer on March 26, 2014. Under Local Rule 7(b), des Longchamps had until April 9, 2014, to file an opposition. Now, on April 18, 2014, des Longchamps still has yet to file an opposition, and under Local Rule 7(b), the Court may treat the motion as conceded, and the Court does so.

[9] Defendant also asks that the Court decide a few other matters related to the appraisal process. See Def.'s Opp'n to Pl.'s Mot., Ex. 1 [ECF No. 12-3] (Pl.'s Proposed Am. Answer) 13.

finds that justice so requires, it will grant Allstate's motion for leave to amend its answer. For the foregoing reasons, and the entire record herein, it is hereby

**ORDERED** that [6] plaintiff's motion for appointment of an umpire is **DENIED**; it is further

**ORDERED** that [12] defendant's motion for leave to file an amended answer is **GRANTED**; it is further

**ORDERED** that the Clerk of the Court shall promptly file [12-3] as defendant's amended answer; it is further

**ORDERED** that, pursuant to Rule 15(a)(3), plaintiff shall respond to defendant's counterclaim by not later than May 2, 2014; and it is further

**ORDERED** that the initial scheduling conference in this matter is set for 9:15 a.m. on May 30, 2014. Counsel who attend the scheduling conference must be sufficiently familiar with the case to answer any questions that arise. Parties are welcome to attend.

Counsel shall confer in accordance with Rule 16.3(a) of the Local Rules and Rule 26(f) of the Federal Rules of Civil Procedure, and shall submit their Joint Rule 16.3 Report addressing the topics listed in Local Rule 16.3(c) no later than fourteen days following their conference, see Local Rule 16.3(d), and in no event less than three business days before the initial scheduling conference. Counsel may also include in their Joint Rule 16.3 Report a brief statement of the case and any statutory basis for causes of action and defenses.

Written communication with the Court is to be by motion, opposition, and reply, rather than by letter. See Local Rule 5.1(b). The parties are directed to the requirements of Local Rule 7(c) regarding the submission of proposed orders with all motions and oppositions and to the

requirements of Local Rule 7(m) regarding the duty to confer on all nondispositive motions (including those for enlargements of time).

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: April 18, 2014